IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LARRY E. EALY,

           Plaintiff,    :    Case No. 3:90-cv-159

                        District Judge Thomas M. Rose
   -  vs  -                    Magistrate Judge Michael R. Merz

CITY OF DAYTON, OHIO, et al.,

           Defendants.    :

## REPORT AND RECOMMENDATION

This civil action, brought *pro se* by Plaintiff Larry Ealy, is before the Court on Plaintiff's Motion for Relief from Judgment (ECF No. 247).

This case was initially filed against the City of Dayton and several of its police officers on April 27, 1990 (Doc. No. 3[1]).  After extensive pre-trial practice, trial began on March 1, 1994 (Doc. No. 153).  On April 11, 2003, the undersigned noted that judgment in the case was final and denied several post-judgment motions for lack of jurisdiction (Doc. No. 216).  On October 17, 2003, Early appealed from this Court's judgment of October 3, 2003 (Notice of Appeal, ECF No. 236).  On December 15, 2003, the Sixth Circuit dismissed Ealy's appeal from an order of the undersigned relating to the "medical package" for lack of jurisdiction (ECF No. 241).  Various

---

[1] The abbreviation "Doc. No." is used because filings in this case were not digitized until September 16, 2003.

1

efforts by Ealy to obtain post-judgment relief were denied by the Sixth Circuit on August 8, 2011, and September 11, 2011 (ECF No. 245, 246). Then Plaintiff filed the instant Motion just shy of eleven years later on September 9, 2022 (ECF No. 247).

Plaintiff seeks relief from the final judgment in this case under Fed.R.Civ.P. 60 which provides:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Motions under Fed.R.Civ.P. 60(b)(1), (2), or (3) must be made within one year of the judgment. Motions under 60(b)(4), (5), or (6) must be made within a reasonable time after judgment. See Fed.R.Civ.P. 60(c). Ealy does not specify which subsection grounds his Motion. He asserts District Judge Walter H. Rice, who presided over this case until June 19, 2013 (See Doc. No. 224),

2

was biased against him, but offers no specific facts to back up that allegation.  And he also offers no explanation of why nineteen plus years is a reasonable time to wait to file.

Accordingly, it is respectfully recommended that the Motion for Relief from Judgment be DENIED.  It is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

September 13, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

\#